IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROSLYN LAW JONES, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:05-CV-2034-M |
| ) | |
| TRINITY SPRINGS PAVILLION, et al., ) | |
| Defendants. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On October 14, 2005, plaintiff filed the instant civil action and a motion to proceed *in forma pauperis*. No process has been issued in this case. On November 7, 2005, the Court issued a Notice of Deficiency and Order wherein it notified plaintiff that she had provided insufficient information to determine whether *in forma pauperis* status is appropriate in this case. It also notified her that her pleading was not in compliance with Fed. R. Civ. P. 8(a). It granted her twenty days to cure the deficiencies and warned her that the failure to do so would result in a recommendation that this action be dismissed for failure to prosecute. On January 18, 2006, provided the Court with additional financial information. On January 23, 2006, the Court granted plaintiff permission to proceed *in forma pauperis* and issued a Second Notice of Deficiency and Order in which it directed plaintiff to correct the Rule 8(a) deficiency within thirty days. To date, plaintiff has filed no pleading to correct the non-compliance with Rule 8(a).

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Orders of November 7, 2005, and January 23, 2006, that she correct the Rule 8(a) deficiency. Such failure indicates that she has no current intention to proceed with this case. Accordingly, the Court should dismiss her complaint.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice[1] for the failure of plaintiff to follow an order of the Court.

**SIGNED this 20th day of March, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] "Without prejudice" means that the dismissal of this action does not of itself prevent plaintiff from commencing a new action against defendant on the same factual allegations.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE